(125 App. Div. 750.)

DONEGAN & SWIFT v. HUBBARD et al.

(Supreme Court, Appellate Division, First Department.  May 8, 1908.)

JUDGMENT—DEFAULT—SETTING ASIDE—GROUNDS—CONDITIONS.

The prevailing party on a motion to place a cause on the short-cause calendar must serve a copy of the order granting the motion on the other party, and where he fails to do so, or to give any notice to the other party of the disposition made of the motion, a default entered against such party will be set aside on motion without conditions.

Appeal from Special Term.

Action by Donegan & Swift against Norman Hubbard, Jr., and others.  From an order setting aside a default judgment in favor of plaintiff upon certain conditions, defendants appeal.  Modified.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

O. B. Gould, for appellants.

Thompson & Salisbury, for respondent.

McLAUGHLIN, J.  In 1888 plaintiff's assignor recovered a judgment for $1,349.54 against this appellant and two others, and this action is brought to recover the amount of the judgment and interest thereon.  All of the defendants were served, but only the appellant answered.  He alleges that he paid the sum of $690 in full settlement of said judgment entered against him, and that as to him the judgment has been fully paid, discharged, and satisfied.  After issue had been joined, a motion was made by plaintiff to place the case on the short-cause calendar for trial.  The motion was not opposed, and an order was entered to that effect.  It is conceded that a copy of this order was never served on the appellant's attorney.  Subsequently the case appeared upon the day calendar, and, there being no appearance for the defendant, judgment was taken against all three defendants for $2,332.17.  A copy of this judgment was served on appellant's attor-

ney, and thereupon a motion was made to open the default. The motion was granted on condition that, within three days after the entry of the order and service of a copy of notice of entry, the appellant pay to the plaintiff or its attorney a sum equal to the taxable costs and disbursements of the action to date, including $10 costs of this motion, and within a like time, also as a condition for opening the default, "the defendants shall execute and deliver to the plaintiff or its attorney a good and sufficient undertaking * * * that they will pay any judgment which may be rendered against them in this action," and, in the event of the failure to make such payment and to give such undertaking, the motion is denied.

When the motion to place the case upon the short-cause calendar was granted it was the duty of the party who succeeded upon that motion—the plaintiff—to serve a copy of the order upon the appellant's attorney. This he did not do, nor did he give him any notice of what disposition had been made of the motion. Defendant was as much entitled to this information as he was to notice that an application would be made to place the case on the short-cause calendar and when it has been there placed he was entitled to be informed of that fact so that he could keep track of the calendar and be ready to try the issue when the case was reached. His default, therefore, in not appearing at the time the case was reached upon the calendar, was not due to any fault of his, but to the neglect of the plaintiff's attorney to serve a copy of the order placing the case on the short-cause calendar, or giving some notice that it had been there placed and would be tried when reached. I am of the opinion that the motion to open the default should have been granted, and without conditions.

The order appealed from, therefore, is modified by striking therefrom all of the conditions imposed for opening the default, with $10 costs and disbursements, to the appellant. All concur.