DONEGAN & SWIFT v. PATTERSON et al.

(Supreme Court, Appellate Division, First Department. December 11, 1908.)

Costs (§ 270*)—Set-Off Against Judgment.

     Where, in an action to renew a judgment, defendant pleaded payment, but default judgment was taken against him, and an order imposing a condition on the opening of the default was modified, with costs and disbursements against plaintiff, which were not awarded to abide the event,

it was improper to set off such costs and disbursements against the judgment, since defendant's liability on the judgment was undetermined; defendant being entitled to have them paid, and to an order making their payment a condition on plaintiff's right to move the cause.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 1025; Dec. Dig. § 270.*]

Appeal from Special Term.

Action by Donegan & Swift against Charles H. Patterson and others. Defendant Norman Hubbard, Jr., appeals from an order of the Special Term. Reversed.

See, also, 125 App. Div. 750, 110 N. Y. Supp. 98.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

O. B. Gould, for appellant.

T. Langland Thompson (Raymond Ballantine, on the brief), for respondents.

LAUGHLIN, J.   This action was commenced on or about the 22d day of March, 1907, for the purpose of renewing a judgment recovered by the plaintiffs' assignor against the defendants on the 16th day of June, 1888. The appellant in his answer denies the allegation of the complaint that the judgment has not been satisfied as to him, and pleads payment of the sum of $690 in settlement and discharge of his liability by reason of the judgment. On the 14th day of November, 1907, judgment by default was entered against the appellant and the other defendants. On a motion made by appellant to open the default, the court at Special Term imposed as a condition of granting the motion that he pay the costs of the action to date and give an undertaking to secure any judgment which the plaintiffs might recover herein. On appeal from that order this court on the 8th day of May, 1908 (125 App. Div. 750, 110 N. Y. Supp. 98), modified the order of the Special Term by striking out the conditions imposed and by vacating the judgment and directing that the cause might be restored to the calendar for the trial of short causes on application of the plaintiffs, and awarded this appellant $10 costs and his taxable disbursements. The disbursements were taxed at $31.65. On the 12th day of June, 1908, an order was made at Special Term directing that the cause be restored to the Trial Term for short causes upon payment by plaintiffs to this appellant of the amount of his costs and disbursements as thus taxed. The plaintiffs then moved to have these costs and disbursements set off against the judgment upon which the action is based, and the order was granted, and the order of June 12th was modified, by restoring the cause to the calendar for the trial of short causes without the payment of the costs and disbursements awarded to the appellant on the former appeal.

The order from which this appeal is taken was clearly erroneous. The existence of the judgment as a lien or liability as against the appellant is at issue, and that issue cannot be determined on affidavits, but must be decided in the ordinary course of judicial procedure.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is manifest that there is no authority for offsetting the costs and disbursements, to which under the order of this court appellant is entitled, against a judgment the existence of which as a liability against him is in litigation and has not been decided. The costs were not awarded to abide the event, and consequently appellant is entitled to have them paid, and to the order making their payment a condition of plaintiffs' right to move the cause.

It follows that the order should be reversed, with $10 costs and disbursements. All concur.